## US DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

JAMES BENJAMIN as Trustee of
the REBEKAH C. BENJAMIN
TRUST, and all those similar
situated,

     Plaintiffs,

     v.

JOHN STEMPLE, in both his official
and individual capacities and
JANET SANTOS, in both her official
and individual capacities,

     Defendants

_____/

Case No.: 18-cv-10849
Honorable Thomas L. Ludington

**COMPLAINT**
**JURY DEMANDED**

**CLASS ACTION**

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON (P74117)
Counsel for Plaintiffs
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiffs
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTION

1.    In *Frost & Frost Trucking Co. v. Railroad Comm'n*, 271 U.S. 583 (1926), the United States Supreme Court held that the power of the state is not unlimited and one of the limitations is that it may not impose policing power conditions which require relinquishment of constitutional rights.

2.      Since that decision, a body of law known as the "doctrine of unconstitutional conditions" has emerged, see e.g. *Perry v. Sindermann*, 408 U.S. 593 (1972); *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484 (1996); and *Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586 (2013).

3.      In violation of federal constitutional protections, these Defendants require owners of vacant, but maintained, properties to "register" their property in order to obtain compliance as to their vacant houses and also to allow the City "maintain a registry of all unoccupied properties."

4.      As a condition of fulfilling that legal compliance to allow continued use and enjoyment of their properties, these Defendants require that property owners and controllers surrender their Fourth Amendment constitutional protections.

5.      The government cannot be allowed to accomplish indirectly what it cannot accomplish directly under the Constitution, Penny v Kennedy, 846 F.2d 1563 (1988).

6.      By requiring the same, these Defendants have caused or are causing a violation of the constitutional rights of the Plaintiff TRUST and all others similar situated.

7.      This lawsuit seeks to halt those unlawful practices for Plaintiff TRUST and the entire class.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**PARTIES**

8.      Plaintiff JAMES BENJAMIN is the Trustee of the REBEKAH C. BENJAMIN TRUST (hereinafter "Plaintiff TRUST") which is the owner of properties within the City of Saginaw.

9.      Defendant JOHN STEMPLE is a resident of Saginaw County, and is a state actor under law serving as a City of Saginaw's enforcement official who is sued in his individual and official capacity.

10.      Defendant JANET SANTOS is the Clerk of the City of Saginaw and is a state actor under law serving as a City of Saginaw's administrative official who is sued in her individual and official capacity.

**JURISDICTION**

11.      This is a civil action brought pursuant to 42 U.S.C. § 1983 seeking injunctive and declaratory relief against Defendant JOHN STEMPLE and Defendant JANET SANTOS for violations of the United States Constitution.

12.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; and 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

13.    Venue is proper in this Court as Defendants conducts their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

14.    Plaintiff TRUST owns properties located at 318 Astor Street and 622 North Jefferson Street within the territorial limits of the City of Saginaw.

15.    In 2013 and 2015, the City of Saginaw passed and ordained Ordinance Nos. 151 and 160 which created that "Unsupervised Properties" Ordinance, which was later codified as Section 151.095 through Section 151.101 of the City of Saginaw Code of Ordinances.

16.    A copy of the "Unsupervised Properties" Ordinance is attached hereto as **Exhibit A**.

17.    Section 151.099(B) requires that: *an owner or controller of unoccupied property shall register the property with the City Clerk*.

18.    An "unoccupied property" is define to be *any property or lot that is vacant, regardless of whether such property contains a vacant dwelling or other structure*.

19.    Section 151.099(C) directs *to register unoccupied property, the owner or controller shall:*

> *(1)   Complete and file with the City Clerk, online or in-person, a registration application for each unoccupied property, which shall state or have attached, as applicable:*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

(a)    *The name, date of birth, driver's license number, mailing address, telephone number, email address, and webpage address of the owner and of any controller of the property. If the owner of the property resides out-of-state, the applicant shall designate a local agent by name, mailing address, telephone number, email address, and webpage address.*

(b)    *A copy of the written agreement appointing a local agent for the owner or controller.*

(c)    *A statement describing the expected period of vacancy, a detailed plan for the regular maintenance of the property during the period of vacancy (for example, lawn maintenance and securing of any structures), and a timeline for the lawful re-occupancy of the property, the rehabilitation of the property, or the demolition of the dwelling and/or structure(s) on the property.*

(2)   *Pay in full the registration fees, as well as any applicable late fees, owed to the City for each unoccupied property.*

(3)   *Pay in full any property taxes due and owing on the property.*

20.    Nowhere within the Unsupervised Properties Ordinance does it require an owner or controller to allow warrantless inspections or searches as a condition of fulfilling the necessary registration obligations.

21.    Yet in applying this Ordinance, Defendant JANET SANTOS caused the creation and/or required the use of the *Unoccupied (Vacant) Property Registration* form against property owners and/or controllers, including Plaintiff TRUST and Class members who are similarly situated.

22.    A blank copy of the *Unoccupied (Vacant) Property Registration* form is attached hereto as **Exhibit B**.

23.    The *Unoccupied (Vacant) Property Registration* form has form space and blanks for submission of different pieces of information as required by the plain text of Section 151.099(C).

24.    However, the *Unoccupied (Vacant) Property Registration* form contains non-optional language which mandates that the owner agrees "that in the event my property becomes dangerous as defined by the City of Saginaw Dangerous Building Ordinance, State Law, or the City of Saginaw Housing Code, I give permission for the City, its agents, employees, or representatives, to enter and board the premises or do whatever necessary to make the property secure and safe."

25.    To "do whatever necessary to make the property secure and safe" is vague.

26.    The *Unoccupied (Vacant) Property Registration* form goes on to require to "hold the City harmless from all claims arising out of any actions in relation to the boarding or securing of said premises."

27.    The *Unoccupied (Vacant) Property Registration* form goes on to require to reimburse the City of Saginaw for all expenses incurred in securing said premises.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

28.   In order to comply with the legal obligation of completing and filing with the City the registration application for each unoccupied property (and to receive the benefit of being free to fines), Defendant JANET SANTOS requires owners to waive their Fourth Amendment right to be free of a warrantless search by the City, its agents, employees, or representatives and be imposed costs without due process.

29.   As such, the provisions within the registration application places an unconstitutional condition of compliance by requiring the waiver of an owner's Fourth Amendment rights to complete the legally necessary registration.

30.   Defendant JOHN STEMPLE is the City of Saginaw's enforcement official responsible for enforcement of Section 151.099(B).

31.   On January 11, 2018, Defendant JOHN STEMPLE issued two municipal citations (i.e. tickets) on Plaintiff TRUST, one for the property located at 318 Astor Street and the other for the property located at 622 North Jefferson Street within the territorial limits of the City of Saginaw.

32.   On information and belief, Defendant JOHN STEMPLE has issued similar municipal citations (i.e. tickets) to others similarly situated to Plaintiff TRUST.

7

33.     Defendant JOHN STEMPLE seeks to oblige Plaintiff TRUST and Class members who are similarly situated to sign the *Unoccupied (Vacant) Property Registration* form in its current unlawful configuration.

34.     Plaintiff TRUST and Class members who are similarly situated do not wish to be forced to waive their Fourth Amendment rights as a condition on complying with the Unsupervised Properties Ordinance and receiving the benefit not being assessed a fine.

35.     An owner or controller of an unoccupied property that refuses to sign the *Unoccupied (Vacant) Property Registration* form waiving his/her/its Fourth Amendment rights "shall be [strictly liability] for a municipal civil infraction as set forth in Chapter 37 of this Code of Ordinances" which includes fines and

36.     Chapter 37 of this Code of Ordinances allows the City of Saginaw to impose a fine.

37.     At the time of filing, Defendant JOHN STEMPLE is actively seeking to impose a fine plus waiver of the Fourth Amendment rights of Plaintiff TRUST and Class members with action that attempts to waive all Fourth Amendment protections. See **Exhibits C and D**.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

8

**CLASS ALLEGATIONS**

38.     This action is brought by the Plaintiff TRUST individually and on behalf of individuals during the relevant time period who were subject to the unconstitutional conditions by requiring the owners or controllers of property throughout the territorial limits of the City of Saginaw to waive constitutional right(s) as a condition on being in compliance with the City of Saginaw's "Unsupervised Properties" Ordinance.

39.     The number of injured individuals who have been constitutionally injured is sufficiently numerous to make class action status the most practical method to secure redress for injuries sustained and class wide equitable relief.

40.     There are clear questions of law and fact raised by the named Plaintiff TRUST's claim common to, and typical of, those raised by the Class its seeks to represent.

41.     The violations of law and resulting harms alleged by the named Plaintiff TRUST are typical of the legal violations and harms suffered by all Class members.

42.     Plaintiff TRUST, as Class representative, will fairly and adequately protect the interests of the Class members and will vigorously

prosecute the suit on behalf of the Class; and is represented by sufficiently experienced counsel.

43.    The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to individual members of the Class and/or one or more of the Defendants.

44.    Defendants have acted, failed to act, and/or are continuing to act on grounds generally applicable to all members of the Class, necessitating declaratory and injunctive relief for the Class.

**COUNT I**
**UNCONSTITUTIONAL CONDITIONS DOCTRINE**
**42 U.S.C. § 1983**

45.    Under federal law, a government may not condition a benefit or an obligation to obtain lawful compliance by the surrender of constitutional right(s) as a condition of obtaining the government's favor or a benefit thereof.

46.    By adding additional language on a form to cause the waiver of constitutional right(s) and attempting to coerce the signature of owners and controllers on the *Unoccupied (Vacant) Property Registration* form to cause the waiver of constitutional right(s), Defendants are violating the due process

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

rights of Plaintiff TRUST and others similar situated under the doctrine of unconstitutional conditions.

47.    Defendants are misusing their police power to cause the forced waiver of constitutional right(s) in violation of due process.

48.    Plaintiff TRUST and Class members have experienced constitutional harm by the actual and/or potential unconstitutional processes and procedures undertaken by these Defendants and/or the same is a policy, custom, and/or practice of the City of Saginaw.

49.    The conduct of Defendants was undertaken with complete in indifference to Plaintiff TRUST's and the Class members' federal rights to be free from violations of their due process rights under the United States Constitution.

**COUNT II**
**FOURTH AMENDMENT VIOLATION**
**42 U.S.C. § 1983**

50.    By using a deceptive registration process to obtain phony consent to enter the premises without a warrant has and/or will violate Plaintiff TRUST's and the Class members' federal rights under the Fourth Amendment to the United States Constitution.

51.    By adding additional language on a form to cause the waiver of constitutional rights and attempting to coerce the signature of owners and

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

controllers on the *Unoccupied (Vacant) Property Registration* form to cause the waiver of constitutional rights, Defendants are violating the federal rights of Plaintiff TRUST and others similar situated to be free of unreasonable searches and seizures as a condition to being legally compliant with the "Unsupervised Properties" Ordinance.

52.     The conduct of Defendants was undertaken with complete in indifference to Plaintiff TRUST's and the Class members' federal rights to be free from violations of the Fourth Amendment under the United States Constitution.

## RELIEF REQUESTED

53.     WHEREFORE, Plaintiff TRUST, on its behalf and on behalf of all defined Class members, respectfully requests this Court to—

a.     Enter an order certifying this case as a Class Action;

b.     Enter an order, pursuant to the Declaratory Judgment Act, declaring the conduct of Defendants, personally and officially, as being unconstitutional;

c.     Enter an order for injunctive relief to halt the illegal processes and procedures of Defendants in violation of the United States Constitution.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

d.   Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988, Fed R Civ P 23(h), and all other applicable laws, rules, or statutes; and

e.   Enter an order for all such other relief the court deems equitable.

**JURY DEMAND**

54.   For all triable issues, a jury is hereby demanded.

Date: March 14, 2018              RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
BY PHILIP L. ELLISON (P74117)
Co-Counsel for Plaintiff
PO Box 107 · Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

MATTHEW E. GRONDA (P73693)
Co-Counsel for Plaintiff
PO Box 70
St Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com