UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES BENJAMIN, as Trustee of the
REBEKAH C BENJAMIN TRUST,

        Plaintiff,

                                          Case No. 18-cv-10849
v.                                       Honorable Thomas L. Ludington

JOHN STEMPLE AND JANET SANTOS,
in their official and individual capacities,

        Defendants.

_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

On March 14, 2018, Plaintiff James Benjamin, trustee for the Rebekah C. Benjamin Trust, filed suit against Defendant John Stemple and Janet Santos, employees of the City of Saginaw. ECF No. 1. In the suit, Benjamin alleges that the City of Saginaw's practice of requiring owners of "vacant, but maintained, properties to 'register' their property in order to obtain licensing compliance" and, as part of that registration, consent to warrantless entries of those properties for administrative protections violates the United States Constitution. On May 15, 2018, Defendants filed a motion to dismiss. ECF No. 9. Two days later, Plaintiff filed an amended complaint. ECF No. 10. Defendants promptly moved to dismiss, and a hearing on that motion has been scheduled for September 11, 2018, at 4:00 p.m. ECF No. 13.

On June 11, 2018, Benjamin filed a motion for a preliminary injunction wherein he requests relief by June 22, 2018. Mot. Prelim. Inj., ECF No. 16. In the motion, Benjamin seeks "[a] preliminary injunction order in favor of the putative class." *Id.* at PageID.238. Importantly,

Benjamin does not seek relief for himself in the motion. A review of the allegations in the amended complaint and motion for a preliminary injunction makes this clear.

## I.

Benjamin alleges that "[o]n January 11, 2018, Defendant JOHN STEMPLE issued two municipal citations (i.e. tickets) on Plaintiff TRUST." Am. Compl. at PageID.113. Plaintiff further alleges that "[a]t the time of filing, Defendant JOHN STEMPLE . . . is actively seeking to impose penalties on Plaintiff TRUST and Class members for not waiving the Fourth Amendment rights of Plaintiff TRUST and Class members." *Id.* at PageID.115. The amended complaint cites to Exhibits C and D in support of that allegation. Those exhibits are composed of two "Uniform Municipal Civil Infraction Citation[s]" issued to Benjamin for "Failure to register vacant dwelling[s]." Citations, ECF No. 10, Exs. C, D. Exhibits F and G of the amended complaint indicate that hearings on the citations were scheduled for March 22, 2018. ECF No. 10, Exs. F, G. The current status of the enforcement proceedings, including the outcome of the March 22, 2018, hearings, is unclear.

In the motion for a preliminary injunction, Benjamin requests that the Court "preliminarily enjoin Defendant Stemple . . . from initiating and continuing quasi-criminal prosecutions for failing to register in the manner disputed in this case." Mot. Prelim. Inj. at PageID.245. As examples of the harm which Benjamin seeks to prevent, he provides copies of civil infraction tickets and summons issued to other land owners in Saginaw. For example, Exhibit A to the motion for a preliminary injunction is a notice of a hearing issued to the Jones Family Trust/Bobby Jones. Jones Notice, ECF No. 16, Ex. A. The hearing on the citation is currently set for June 22, 2018. Benjamin's request for a preliminary injunction prior to that date confirms that the injury he seeks to prevent is the continuation of enforcement proceedings regarding the Jones Family Trust

citation. Benjamin also cites to a citation and notice of hearing issued to Clara Cooper on January 12, 2018. Cooper Notice, ECF No. 17, Ex. B. The hearing on Cooper's citation was scheduled for April 12, 2018, but Plaintiff's counsel indicates that Cooper's action has been stayed by the state court. Mot. Prelim. Inj. at PageID.237 n.1.

## II.

### A.

"Threshold individual standing is a prerequisite for all actions, including class actions." *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 423 (6th Cir. 1998). "A potential class representative must demonstrate individual standing vis-as-vis the defendant; he cannot acquire such standing merely by virtue of bringing a class action." *Id.* "However, once an individual has alleged a distinct and palpable injury to himself he has standing to challenge a practice even if the injury is of a sort shared by a large class of possible litigants." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 517 (6th Cir. 1976). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "'[W]hen the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily 'substantially more difficult' to establish.'" *Id.* (quoting *Defendants of Wildlife*, 504 U.S. at 562). In *Summers*, the Supreme Court explained that standing existed only "if application of the [challenged] regulations by the Government will affect *them*." *Id.* (emphasis in original).

Defendants are challenging Benjamin's standing to bring this suit as a whole, ECF No. 16, but that question is currently not framed before the Court. Indeed, for the purposes of this motion, the Court will assume without deciding that Benjamin has standing to bring this complaint. However, the question of whether Benjamin has standing to request a preliminary injunction on behalf of putative class members is distinct from the question of whether Benjamin may litigate this suit on behalf of putative class members. *See O'Shea v. Littleton,* 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects."); *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 493 (10th Cir. 1998) ("[P]laintiff's standing to seek an injunction ordering her admission to the school based solely on her allegations of *past* misconduct does not entail standing to seek an injunction prohibiting *future* use of the disputed preference.") (emphasis in original).

**B.**

The motion for a preliminary injunction does not identify *any* imminent injury to Benjamin. Rather, Benjamin contends that he is requesting the preliminary injunction on behalf of the putative class, not himself. *See* Mot. Prelim. Inj. at PageID.238–239 (explaining that, since issuing a citation to Benjamin, the City of Saginaw "has instituted numerous criminal civil infraction actions in the local state court for persons and entities who refuse to register" and that "others have approached the undersigned counsel with identical prosecutions" in the interim); *id.* at PageID.238 ("A preliminary injunction order in favor of the *putative class* would remedy this harm by maintaining the status quo.") (emphasis added); *id.* ("As such, Plaintiff, as the putative class representative, is seeking to stop the imminent and ongoing constitutional *violations to the class* until this case is resolved.") (emphasis added); *id.* at PageID.242 ("Plaintiff would assert that not

entering the injunction is causing substantial harm to the putative class."); *id.* at PageID.245 ("The Court is requested to take action before June 22, 2018 (see Exhibit A) and preliminarily enjoin Defendant Stemple, in both his official and personal capacities, from initiating and continuing quasi-criminal prosecutions for failing to register in the manner disputed in this case unless and until this Court rules on the merits of this legal challenge.").

The amended complaint indicates that the hearing on Benjamin's citation occurred on March 22, 2018, and Benjamin does not contend that the requested preliminary injunction will benefit him in any way. The unavoidable conclusion, then, is that the enforcement proceedings against Benjamin have concluded. That fact is not necessarily fatal to Benjamin's challenge to the City of Saginaw's practice of requiring owners of vacant, but maintained, properties to 'register' their property in order to obtain licensing compliance, but it does demonstrate that Benjamin lacks standing to seek a preliminary injunction against the initiation of such enforcement proceedings. *Senter* confirms that a putative class representative can advance claims on behalf of the putative class only insofar as he possesses standing to advance the claim himself. 532 F.2d at 517. *See also Big Elk v. Bd. of Cty. Comm'rs of Osage Cty.*, 3 F. App'x 802, 806–07 (10th Cir. 2001) (holding that the plaintiffs lacked standing to seek injunctive relief on behalf of a class against the continuance of a sheriff's department policy because the plaintiff's had not shown a sufficient likelihood that they would be subject to the policy a second time). The injury Benjamin identifies in the motion for a preliminary injunction (the potential initiation and prosecution of civil enforcement actions) is not one he shares with the putative class because the enforcement proceedings against him have run their course. As such, and per *Senter*, Benjamin lacks the standing to seek the preliminary injunctive relief. The motion for a preliminary injunction will be denied.

**III.**

Accordingly, it is **ORDERED** that the motion for a preliminary injunction, ECF No. 16,

is **DENIED.**


Dated: June 12, 2018                                          s/Thomas L. Ludington
                                                             THOMAS L. LUDINGTON
                                                             United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on June 12, 2018.

                          s/Kelly Winslow
                          KELLY WINSLOW, Case Manager