UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES BENJAMIN, as Trustee of the
REBEKAH C BENJAMIN TRUST,
BOBBY JONES AND SYLVIA JONES,
as Trustees of the JONES FAMILY TRUST,

                 Plaintiff,

                                          Case No. 18-cv-10849
v.                                    Honorable Thomas L. Ludington

JOHN STEMPLE AND JANET SANTOS,
in their official and individual capacities,

                 Defendants.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

      On March 14, 2018, Plaintiff James Benjamin, trustee for the Rebekah C. Benjamin Trust,

filed suit against Defendant John Stemple and Janet Santos, employees of the City of Saginaw.

ECF No. 1. In the suit, Benjamin alleged that the City of Saginaw requires owners of "vacant, but

maintained, properties to 'register' their property in order to obtain licensing compliance."

Benjamin contends that, as part of that registration, the City requires property owners to consent

to the City entering the properties if they become dangerous. Defendants filed a motion to dismiss,

and Plaintiffs filed a motion for a preliminary injunction. ECF Nos. 13, 20. On June 21, 2018, the

Court granted the motion to dismiss and denied the motion for a preliminary injunction.

      In that opinion, the Court relied upon the Supreme Court's holding that, "absent consent,

exigent circumstances, or the like, in order for an administrative search to be constitutional, the

subject of the search must be afforded an opportunity to obtain precompliance review before a

neutral decisionmaker." *City of Los Angeles, Calif. v. Patel*, 135 S. Ct. 2443, 2452 (2015). The

Court then explained that, pursuant to the City of Saginaw's Dangerous Building's Ordinance, a structure is "defined as dangerous" only pursuant to specific procedures which include a hearing before a neutral decisionmaker. "At the conclusion of the administrative proceedings, the City Inspector is empowered to 'take all necessary action to enforce the [remediation] order.'" June 21, 2018, Op. & Order at 11, ECF No. 22 (quoting Sag. Code Ord. § 151.117(C)).

Now, Plaintiffs have filed a motion for reconsideration. ECF No. 24. In the motion, he argues that "the Court is incorrectly *assuming* that once the DBO process results in an administrative finding of dangerous that there is automatic legal authority for Defendant Stemple or other City Officials to enter the premises without a warrant. There is not." Mot. Recon. at 3 (emphasis in original).

Simply put, *Patel* makes clear that, once pre-entry administrative proceedings before a neutral adjudicator have been completed, no warrant is required for an administrative search to be constitutional. 135 S. Ct. at 2452. The manifest purpose of the Dangerous Buildings Ordinance is to "govern the abatement of dangerous buildings." § 151.110. The Ordinance expressly authorizes the Chief Inspector to enter and remediate structures after they are defined as "dangerous." *See id.* at § 151.113 ("[I]f such is found to be a dangerous building as defined in this subchapter, he or she shall commence proceedings to cause the alteration, repair or rehabilitation, or the demolition and removal of the building, structure or portion thereof.").

At the conclusion of the hearing, the property owner has an opportunity to resolve the dangerous conditions. *See id.* at § 151. 151.115(H) ("Not more than five (5) business days after the completion of the hearing, the Hearing Officer shall render a decision either closing the proceedings or determining that the building is a dangerous building. He or she shall then order the bilding or structure to be demolished or made safe and properly maintained. . . . The Hearing

Officer shall fix a time by which the owner of the building or structure shall complete the demolition or make the building or structure safe and properly maintained."). If the owner does not remediate, "the Hearing Officer shall file a report of the findings and a copy of the order with the City Inspector not more than five (5) days after the date for compliance set in the order and request that the necessary action be taken to enforce the order." *Id.* at § 151.115(I).

Plaintiff's present argument suggests that the City is required to hold *another* hearing, after concluding a structure is dangerous, before the City may enter the property and remediate it. There is no textual or practical justification for an utterly redundant hearing. When a landowner receives notice of the hearing regarding whether his or her property is dangerous, that landowner is inevitably aware that, if the property is deemed dangerous, the City may enter the property to remediate the issue if the landowner does not. Plaintiff's interpretation of the Dangerous Buildings Ordinance is simply inconsistent with the plain text of the Ordinance.

Accordingly, it is **ORDERED** that Plaintiffs' motion for reconsideration, ECF No. 24, is **DENIED.**

Dated: June 28, 2018                                        s/Thomas L. Ludington
                                                           THOMAS L. LUDINGTON
                                                           United States District Judge

<div style="border:1px solid black; padding:10px;">

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 28, 2018.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager

</div>